IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| KENNETH MARTIN | § | |
| VS. | § | CIVIL ACTION NO. 1:15cv196 |
| UNITED STATES OF AMERICA | § | |

### ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Kenneth Martin, an inmate incarcerated within the Bureau of Prisons, proceeding *pro se*, filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The court previously referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable orders of this court.

The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge concerning this case. The Magistrate Judge recommends the petition for writ of habeas corpus be dismissed.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Petitioner filed objections to the Report and Recommendation. The court must therefore conduct a *de novo* review of the objections.

Petitioner was convicted of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). In connection with sentencing, the trial court determined petitioner was an armed career criminal within the meaning of 18 U.S.C. § 924(e). Petitioner, relying on the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), asserts he is actually innocent of being an armed career criminal.

A federal criminal conviction may be challenged in a petition filed pursuant to 28 U.S.C. § 2241 only if the challenge is based on a retroactively applicable Supreme Court decision that establishes the petitioner was convicted of a nonexistent offense. *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Here, however, petitioner asserts he is actually innocent of being an armed career criminal, a sentencing enhancement, rather than the crime for which he was

convicted. Petitioner does not contend he is actually innocent of possessing a firearm after having been convicted of a felony. As a claim of actual innocence of a career criminal enhancement is not a claim of actual innocence of the crime of conviction, it is not the type of claim that may be raised in a petition filed under Section 2241. *Wiwo v. Medina*, 491 F. App'x 482, 483 (5th Cir. 2012) ("A claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under Section 2241."); *Padilla v. United States*, 416 F.3d 424, 426-27 (5th Cir. 2005) (as the petitioner did not attack his conviction and his claims challenged only the validity of his sentence, his Section 2241 petition was properly dismissed) .

Moreover, even if petitioner's claim was cognizable in a Section 2241 petition, he would still not be entitled to relief. A person such as petitioner who was convicted of violating 18 U.S.C. § 922(g) is subject to enhanced penalties under 18 U.S.C. § 924(e) if he has three prior convictions for a violent felony or a serious drug offense. Section 924(e)(2)(B) includes within the definition of a violent felony any crime that is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another. In *Johnson*, the Supreme Court held that the phrase "otherwise involves conduct that presents a serious potential risk of physical injury to another," which has come to be known as the residual clause, was void for vagueness. As a result, the residual clause may no longer be used to conclude that a prior conviction was a violent felony.

However, in this case, the trial court's conclusion that petitioner was an armed career criminal was not based on the conclusion that petitioner had previously committed violent felonies within the meaning of the residual clause. Instead, the trial court concluded petitioner was an armed career criminal because he had four prior convictions for serious drug offenses. *United States v. Martin*, 526 F.3d 926, 938 (6th Cir. 2008).[1] As a result, the Supreme Court's decision in *Johnson* has no effect on petitioner's case and does not provide him with a basis for relief.

---

[1] Petitioner has four prior state court convictions for trafficking in controlled substances.

## ORDER

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in accordance with the recommendation of the Magistrate Judge.

So **ORDERED** and **SIGNED** this **24** day of **September, 2015.**

_____
Ron Clark, United States District Judge